616 P.2d 932

Martin VALENZUELA, a minor, by and through his Guardian ad Litem, William J. Redondo, Plaintiff/Appellant,

v.

Mary P. BRACAMONTE, Defendant/Appellee.

No. 2 CA–CIV 3568.

Court of Appeals of Arizona, Division 2.

June 30, 1980.

Rehearing Denied Aug. 6, 1980.

Review Denied Sept. 11, 1980.

Miller, Pitt & Feldman, P. C. by Richard L. McAnally and John L. Tully, Tucson, for plaintiff/appellant.

Murphy & Hazlett by Scott Goering, Tucson, for defendant/appellee.

## OPINION

RICHMOND, Judge.

This appeal from a judgment entered on a defense verdict in a personal injury action turns on whether there was any evidence of contributory negligence. We affirm.

Appellant, 13 at the time, was crossing an intersection on his bicycle. He testified that he looked in both directions but did not see appellee's vehicle approaching from the left. He was followed by his three–year–old cousin on a tricycle. Appellee testified she did not see the boys until she was in the intersection. She swerved left to avoid the three–year–old and struck appellant, who had crossed the center of the road.

Appellant contends it was error to instruct the jury on contributory negligence and to deny his motions for directed verdict at the close of all the evidence and for judgment notwithstanding the verdict or for new trial. The trial court in a minute entry denying the latter motion stated:

The Court believes the jury found for the Defendant in this case because of contributory negligence on the part of the Plaintiff. The Court believes that that negli-

gence constituted an attempt to cross the street in question without maintaining a proper look–out; and even though the Plaintiff was able to get into a protected lane of traffic, the Plaintiff knew that he was being followed by a younger child on a three (3) wheel bicycle. The accident happened when the Defendant who was negligent in failing to yield the right–of–way, struck the Plaintiff while avoiding the younger child, who was in her lane of traffic. Based upon these facts, the Court believes the jury verdict must stand.

A bicyclist like a driver having the right–of–way at an intersection has a duty to exercise the degree of care which a reasonably prudent person would use under the circumstances to discover dangerous situations and avoid injury. *Egurrola v. Szychowski*, 95 Ariz. 194, 388 P.2d 242 (1964); A.R.S. § 28–812. What is reasonable under the circumstances is a matter for the jury to decide. The jury could have found appellant negligent in entering the intersection even though he had time to cross to the far lane of traffic, because he knew his cousin was following him and should have foreseen that appellee might swerve to avoid the tricycle. *Cf.* Restatement, Second, Torts § 495 (negligent failure to control conduct of third person as bar to recovery) and comment b thereto.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.